**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MARK RUTLEDGE,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | |
| | ) | ______________________ |
| **NAVY FEDERAL CREDIT UNION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Navy Federal Credit Union, ("Navy Federal"), by and through its undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, and any and all defenses under the federal laws of bankruptcy, hereby gives notice of the removal of this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. As grounds in support of this Notice of Removal, Navy Federal respectfully states as follows:

## I. PROCEDURAL HISTORY

1. Plaintiff Mark Rutledge ("Plaintiff") commenced this action by filing a Complaint in the Superior Court of Fulton County, Georgia against Navy Federal on

July 21, 2026. The matter was assigned case number 26CV010265. (*See* Complaint, attached hereto with the state court file as **Exhibit A**).

2. The Complaint was served on Navy Federal on July 27, 2026.

3. The Complaint alleges that Navy Federal violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (*See* Ex. A.) FCRA and TCPA claims are within the original jurisdiction of this Court.

4. The Complaint also alleges violations under 38 U.S.C. § 5301 and the UDAAP. (*See* Ex. A.)

5. This case is properly removable, pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

6. Accordingly, this matter is properly removable under 28 U.S.C. § 1441 as the United States District Court for the Northern District of Georgia has original jurisdiction over this case under 28 U.S.C. § 1331.

## II. SUBJECT MATTER JURISDICTION EXISTS OVER THIS ACTION

7. This case is within the original jurisdiction of this Court under § 1331, which provides that U.S. District Courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

8. This is a civil action arising under the Constitution, laws, or treatises of the United States because Plaintiff is asserting claims against Navy Federal under the FCRA and TCPA, which are federal statutes. (*See* Ex. A, Compl.)

9. Accordingly, federal question jurisdiction exists, as Plaintiff's FCRA and TCPA claims arise under the laws of the United States and could have been originally filed in this Court. Because it is within the original jurisdiction of this Court, this action is removable from state court to this Court. *See* 28 U.S.C. § 1441(a).

10. This Court also has supplemental jurisdiction over any other claims by Plaintiff. *See* 28 U.S.C. §§ 1367 & 1441.

## III. ADOPTION AND RESERVATION OF DEFENSES

11. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Navy Federal's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of

process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Georgia law and/or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## IV. <u>PROCEDURAL REQUIREMENTS</u>

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13. True and correct file-stamped copies of "all process, pleadings, and orders" from the state court action are attached hereto as **Exhibit A** in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Navy Federal to date in this case.

14. This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

15. Navy Federal has not previously sought similar relief.

16. The United States District Court for the Northern District of Georgia, Atlanta Division, is the District and Division embracing the place where this action is pending in state court.

17. Navy Federal reserves the right to supplement this Notice of Removal by adding other grounds or jurisdictional defenses which may independently support a basis for removal.

18. Contemporaneously with the filing of this Notice of Removal, Navy Federal has filed a copy of same, along with a Notice of Filing Notice of Removal, with the clerk of the Superior Court of Fulton County, Georgia. Written notice of the filing of this Notice of Removal has also been served upon Plaintiff.

**WHEREFORE,** Navy Federal prays that this Court assume full jurisdiction over this action as provided for by law and issue all necessary orders and process to remove this action from the Superior Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division.

Respectfully submitted this 25th day of August, 2026.

*/s/ Dylan J. Patel*
Dylan J. Patel
Georgia Bar No. 789608
BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: dpatel@burr.com

*Attorney for Defendant*
*Navy Federal Credit Union*

## CERTIFICATION OF COUNSEL

I hereby certify that the foregoing document has been prepared with Times New Roman, 14 point font, one of the font and point selections approved by the Court in LR 5.1C.

*/s/ Dylan Patel*

Dylan Patel
Georgia Bar No. 789608
dpatel@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of August, 2026, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and served a copy of the same on Plaintiff in the state court action via the United States Postal Service, postage prepaid:

Mark Rutledge
964 Ralph David Abernathy Blvd SW
Atlanta, GA 30310

*Pro se Plaintiff*

*/s/ Dylan J. Patel*

Dylan Patel
Georgia Bar No. 789608
dpatel@burr.com